IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARMELO RODRIGUEZ,

    Petitioner,                    No.  CIV S-11-1244 GGH P

    vs.

G. SWARTHOUT                    ORDER

    Defendant.

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This case is before the undersigned pursuant to petitioner's consent.  Doc. 3.

        Petitioner challenges the 2008 decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole.  On June 3, 2011, the undersigned issued a related case order noting that the instant case was related to case No. CIV S-10-0048 LKK GGH P.  In No. CIV S-10-0048 LKK GGH P, petitioner alleged a violation of California's "some evidence" requirement with respect to his 2008 denial of parole.  The undersigned recommended that petition be dismissed in light of <u>Swarthout v. Cooke</u>, __ U.S. ___, 131 S. Ct. 859, 861 (2011).  The No. CIV-S-10-48 petition was dismissed on September 1, 2011.

\\\\

The instant petition also challenges California's "some evidence" requirement with respect to his 2008 denial of parole. To the extent the instant petition could have been construed as a motion to amend the petition in No. CIV-S-10-48, any such motion must be denied. Petitioner presents some of the same claims in each petition, and while the wording is different in other claims, petitioner is still essentially challenging the "some evidence" requirement and the instant petition must be denied for the same reasons as No. CIV-S-10-48. To the extent in the instant petition, petitioner challenges the Supreme Court's holding in Swarthout v. Cooke, __ U.S. ___, 131 S. Ct. 859, 861 (2011), or the undersigned's interpretation of that case, any such argument is meritless.

To the extent petitioner wishes to again challenge the 2008 denial of parole, he requires permission to file a successive petition. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Here, petitioner has not obtained an order from the Ninth Circuit authorizing the district court to consider this successive petition. Petitioner cannot proceed with his successive petition in this court unless and until he obtains such an order.

Therefore, IT IS HEREBY ORDERED that for all the reasons discussed above, this action is dismissed and this case is closed.

DATED: November 16, 2011

        /s/ Gregory G. Hollows
        UNITED STATES MAGISTRATE JUDGE

GGH: AB
rodr1244.dis